SO ORDERED.

SIGNED this 3rd day of April, 2019.



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**Keith Delanor Phillips,**<br><br>                        Debtor. | Case No. 15-40857<br>Chapter 13 |

**Memorandum Opinion and Order Determining that
Debt Owed to Flora Debacker is Discharged**

Debtor Keith Phillips moves for an order determining that the claim of

Flora Debacker, which Debtor did not include in his initial Schedule F or

matrix, is included in his discharge under 11 U.S.C. § 1328.[1] Flora Debacker contends the debt is excepted from discharge by § 523(a)(3)(A), made applicable to Chapter 13 cases by § 1328(a)(2).[2] The matter was taken under advisement following trial.[3] The Court finds that under the facts of this case, where the Debtor legitimately had no knowledge of Flora Debacker's claim when he filed his bankruptcy schedules and did not receive notice of the claim until after the claims bar date, the exception to discharge of § 523(a)(3)(A) does not apply.

I. Findings of Fact

The witnesses at trial were Debtor, Flora Debacker, and Stephanie Poyer, an attorney with Butler & Associates, PA, the debt collection law firm representing Flora Debacker. The Court generally found the testimony

---

[1] Doc. 68. All future references in the text to title 11 shall be to the section number only.

[2] Doc.70. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018). A motion to determine dischargeability of a specific debt is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[3] Debtor appeared in person and by his counsel Gary E. Hink. Flora Debacker appeared in person and by her counsel Todd B. Butler.

2

trustworthy, but was particularly impressed by Debtor's credibility. The Debtor was as credible as any witness who has testified to this Court. The Court has no doubt that Debtor testified honestly and forthrightly. Flora Debacker, on the other hand, in many instances was unable to remember facts giving rise to this dispute.

From approximately the fall of 2007 through sometime in June 2014, Debtor rented his residence from Flora Debacker and/or her husband. There was no written lease, and the only written evidence of the rental relationship is an application completed by Debtor in August, 2007. A handwritten note on the application states that Debtor will pay $350, plus a deposit of $100. The application states: "rent due by 2nd (second) of month, Late payment of $5.00 per day."[4] Flora Debacker claims a principal amount due of $1,100, which she claims is supported by a ledger compiled from other records that were not presented in evidence. The ledger for the period 2010 through 2014 shows payments of $350 per month from December 31, 2009 through May 31, 2014, with the exception of no payment in May of 2013 and underpayments of $10 in May 2010 and $50 in December 2010,[5] October 2011, February 2012, and

---

[4] Exh. A.

[5] The total claimed 2010 is $170, but the amount of underpayment is $60 and there is only one late fee of $50 entered. The basis for the remaining $60 is not clearly stated.

December 2012. The remainder of $1,100 claim is eight late fees of $50 each[6] and pro rated rent of $280 for June 2014.[7]

Flora Debacker testified that she never had any contact with Debtor and that she never informed Debtor about the alleged debt. Debtor testified that he was never given notice, written or oral, that he was in arrears on his rental payments or that he owed late fees. Debtor vacated the premises in June 2014 because he received a letter stating that the property had been (or would be) sold by auction and he could either leave or arrange a lease with the new owner. Neither Debtor nor Flora Debacker remembered the precise date when Debtor left.

On August 7, 2014, Flora Debacker, through her counsel Butler & Associates, PA filed a complaint against Debtor to recover the rent claim in the limited action division of the Shawnee County District Court. The sheriff was unable to serve summons on Debtor, and the case was dismissed for lack of prosecution on August 3, 2015.

Shortly thereafter, on August 28, 2015, Debtor filed a voluntary petition under Chapter 13. Debtor filed a Schedule F listing all known creditors

---

[6] The amount of the late fee appears to be the flat amount of $50 unrelated to the number of days in arrears.

[7] The basis for the proration of rent in June 2014 was not explained.

4

holding unsecured nonpriority claims. Because Debtor did not know that Flora Debacker claimed he owed her rent and late charges, she was not included on Schedule F. Debtor's plan was confirmed on November 17, 2015. Notice was given that December 30, 2015, was the deadline to file a proof of claim for all creditors, except a governmental unit.

About two and a half years later, in the spring of 2018, Butler & Associates used their "skip-tracing" method and learned of Debtor's current residential address. A letter dated May 4, 2018, was mailed to Debtor informing him that Butler & Associates had been retained by Flora Debacker to collect $1,100, plus interest. The Court is convinced that Debtor had no knowledge of the claim before he received the letter. Debtor advised his bankruptcy counsel of the letter, and his counsel notified Butler & Associates of Debtor's bankruptcy. Collection efforts were terminated. Flora Debacker did not participate in Debtor's bankruptcy in any manner.

A little over a month later, on June 28, 2018, Debtor filed an amended Schedule F and supplemented his mailing matrix, adding Flora Debacker and Butler & Associates to both. On October 3, 2018, the Chapter 13 Trustee filed his Notice of Chapter 13 Plan Completion. On October 16, 2018, Debtor filed his certification of completion and motion for discharge, together with notice of an objection deadline on November 15, 2018, and a hearing on December

5

11, 2018, if an objection was filed. No objections were filed, and an order of discharge was entered on November 19, 2018. The Chapter 13 Trustee's final report, filed on December 12, 2018, shows that no distributions were made to unsecured nonpriority creditors, which would have included Flora Debacker.

By letter dated November 28, 2018, Butler & Associates informed Debtor's counsel that it had received notice of Debtor's discharge and asserted that Flora Debacker's claim was nondischargeable under § 523(a)(3). Debtor filed his motion to determine dischargeability on January 11, 2019.

The Court is convinced based upon the trial record, particularly the Debtor's credible testimony, that Debtor had no knowledge of Flora Debaker's claim until he received the May 4, 2018 letter from Butler & Associates, about two and a half years after the deadline for filing proofs of claim in his bankruptcy case. This is not a situation where a debtor simply forgot about a claim; in this case there is no question that Debtor did not have knowledge of Flora Debacker's claim until almost three years after he filed his petition, long after expiration of the claims bar date.

## II. Conclusions of Law

Speaking broadly, claims omitted from an individual debtor's schedules are excluded from discharge. Specifically, § 1328(a)(2) provides that a

6

Chapter 13 discharge does not discharge debts of the kind specified in § 523(a)(3). Section 523(a)(3) applies to any debt:[8]

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit -
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such a debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such subsections, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

There is no contention that Flora Debacker's claim could be excepted from discharge under subsections (a)(2), (a)(4), or (a)(6) such that subsection (a)(3)(B) would apply. Therefore the Court's task is to determine if the subsection (a)(3)(A) exception applies when, as in this case, the Debtor had no knowledge of the omitted debt. The Court finds that it does not.

---

[8] Section 523(a)(3) applies to discharges under §§ 727, 1141, 1228(a), 1228(b), and 1328(b). It also applies to § 1328(a) discharges via § 1328(a)(2).

7

Debtor argues that the § 523(a)(3)(A) discharge exception should not apply here because Flora Debacker suffered no harm because there was no distribution to general unsecured creditors. Reliance is placed on the line of cases that hold:

> [i]n a no-asset Chapter 7 case, no deadline is set for filing of claims. Therefore, the lack of notice to creditors does not deprive the creditor of the opportunity to file a timely proof of claim. In such cases, unless the debt falls within subsection 523(a)(2), (a)(4) or (a)(6), it is discharged.[9]

The Tenth Circuit Court of Appeals adopted this exception in *Parker*.[10] In that case, the bankruptcy court granted the Chapter 7 debtor's motion to reopen his no-asset case to include an omitted claim and ruled that the omitted claim had been discharged. The Tenth Circuit Bankruptcy Appellate Panel affirmed, and the circuit court adopted the Panel's reasoning that stated:

> Here the bankruptcy court correctly found that §523(a)(3)(A) does not apply because the Debtor's Chapter 7 case was a no asset case with no claims bar date set; therefore, [the omitted creditor] had suffered no prejudice because [the omitted creditor] will have

---

[9] 4 *Collier on Bankruptcy* ¶ 523.09[5] (Richard Levin & Henry J. Sommer eds.-in-chief, 16th ed. 2018).

[10] *Watson v. Parker (In re Parker)*, 313 F.3d 1267 (10th Cir. 2002).

8

an opportunity to file a claim if any assets are discovered.[11]

The Court rejects Debtor's argument that the foregoing exception applies in this case. Debtor did not cite and the Court has not located any cases applying this exception in Chapter 13 case. The rationale for the exception, that there is no bar date in a no-asset Chapter 7 case, does not apply in Chapter 13 cases where a bar date is set, even if no distributions to general unsecured creditors are contemplated. In addition, in *Parker* the Tenth Circuit also adopted the BAP's conclusion "that equitable considerations do not impact the dischargeability of a debt under § 523(a)3)(A)."[12] The Court is therefore precluded from holding that Flora Debacker's claim is not within the exception for discharge simply because she was not harmed by omission of her claim from the schedules.

However, there is another circumstance where courts have held that

---

[11] *Id*. at 1269 (quoting *Watson v. Parker (In re Parker)*, 264 B.R. 685, 695 (10th Cir. BAP 2001)).

[12] *Id*. This is in contrast to the Court of Appeals for the Fifth Circuit, who held that "section 523(a)(3) must be construed with an eye toward the equitable principles which underlie bankruptcy law." *Stone v. Caplan (In re Stone)*, 10 F.3d 285 (5th Cir. 1991).

9

§ 523(a)(3) does not apply. That is when the debtor has no knowledge of the claim in time to include it in the schedules before the bar date has run.[13] One court stated, "Because the Debtors had no knowledge about a potential claim held by the [creditors] and therefore could not have scheduled any such claim at the time this case was filed, § 523(a)(3)(A) does not render the [creditor's] claim nondischargeable."[14] Another found that where the debtor did not know of the claim, it was "evident that the exception set forth in § 523(a) is not applicable."[15] Although the Court has found no Tenth Circuit Court of Appeals case adopting this reasoning, the Tenth Circuit BAP, when finding that a debtor's knowledge of a claim was a material fact when ruling on a summary judgment motion seeking a determination of dischargeability of an omitted claim, stated, "Pursuant to § 523(a)(3), a debtor has responsibility to list claims only if **known**."[16]

---

[13] *E.g., Muir v. McWilliams*, 517 B.R. 132, 138 (S.D. Ind. 2014); *Leadbetter v. Snyder (In re Snyder)*, 544 B.R. 905, 909 (Bankr. M.D. Fla. 2016); *Aetna Casualty & Surety Co. of Illinois v. Wilson (In re Wilson)*, 200 B.R. 72, 74 (Bankr. M.D. Fla. 1996); *Attorneys Title Ins. Fund, Inc. v. Lottes (In re Lottes)*, 226 B.R. 634, 637 (Bankr. E.D. Mo. 1998). The cases cited and discussed herein are Chapter 7 cases, but the reasoning applies equally in Chapter 13 cases.

[14] *In re Snyder*, 544 B.R. at 909.

[15] *In re Wilson*, 200 B.R. at 74.

[16] *Schlueter v. State Farm Mut. Ins. Co. (In re Schlueter)*, 391 B.R. 112, 116 (10th Cir. BAP 2008) (emphasis in original).

The rulings of these courts finding that a claim unknown to the debtor is not within the exception of § 523(a)(3) are supported by examination of the language of the statute. Section 523(a)(3) defines "such debt"—the type of debt potentially excepted from discharge by the subsection—as "any debt neither listed nor scheduled . . ., with the name, if known to the debtor, of the creditor to whom such debt is owed. . . ." Does the phrase "if known to the debtor" modify only "the name " or does it also modify "any debt neither listed nor scheduled?" If it modifies only the name of the creditor,[17] a debtor would be not penalized by denial of discharge for failure to list an unknown name for a scheduled known debt, such as when a debt has been transferred without knowledge of the debtor. But this construction would penalize a debtor who failed to list or schedule a debt because of no knowledge of the debt itself. This absurd result—penalizing a debtor for a failure which he

---

[17] The rule of statutory construction that would support this construction is the rule of last antecedent, which provides that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Lockart v. United State,* __ U.S.___, 136 S.Ct. 958, 962 (2016) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). But the rule is not absolute and can be overcome by other indications of meaning. *Id.* at 963. Here avoidance of an absurd result strongly indicates that the rule should not be applied. The construction is necessary to promote the general rule that in determining whether a particular debt is dischargeable, the statute on which the creditor relies should be construed in favor of the debtor. In addition, under the circumstances of this case, and many individual Chapter 7 and Chapter 13 cases, construing "known to the debtor" to apply only to a creditor's name would result in enhancing the rights of general unsecured creditors who were not known to the debtor over those similarly situated creditors whose claims were correctly listed, contrary to the Bankruptcy Code's equitable distribution scheme.

11

was powerless to correct—is avoided if the phrase "if known to the debtor" is construed to modify the definition of "such debt" and not only the name of the creditor. As one court stated, "[a]pplying § 523(a)(3)(B) only to claims known by the debtor is consistent with the statute's plain language, which states that it applies when the claim is not listed or scheduled 'with the name, if known to the debtor, of the creditor to whom such debt is owed. . . .'"[18]

For the foregoing reasons, the Court predicts that the Tenth Circuit, if presented with the question, would rule that the § 523(a)(3) exception to discharge does not apply when the debtor has no knowledge of the creditor's claim in time to give sufficient notice to allow the timely filing of a proof of claim.

### III. Conclusion

For the foregoing reasons, in the specific circumstances of this case where Debtor had no knowledge of Flora Debacker's claim when he prepared and filed his schedules, and did not acquire such knowledge until after expiration of the claims bar date, the Court finds the debt is not excepted from discharge by § 523(a)(3)(A). The Debtor's motion is granted.

---

[18] *In re McWilliams*, 517 B.R. at 138.

**It is so ordered.**

###